UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

|  |  |  |
|---|---|---|
| ETSY, INC., | : | Case No.  1:25-cv-10589 |
|  | : |  |
| Plaintiff, | : | <u>DECLARATORY JUDGMENT</u> |
|  | : | <u>COMPLAINT</u> |
| - against - | : |  |
|  | : |  |
| CASHMERE AND CAMEL HAIR | : |  |
| MANUFACTURERS INSTITUTE, | : |  |
|  | : |  |
| Defendant. | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## <u>INTRODUCTION</u>

1.      Etsy, Inc. brings this declaratory judgment action to resolve an expansive and
unfounded effort by the Cashmere and Camel Hair Manufacturers Institute ("CCMI") to reshape
the rules governing online marketplaces.  Specifically, CCMI has made sweeping accusations,
including false advertising under federal and state law and related claims—all aimed at forcing
Etsy to manually scrutinize over 100 million existing and new product listings from independent
sellers for possible misrepresentations about cashmere.  Etsy already requires sellers to honestly
and accurately describe their items and it offers Purchase Protection, which ensures that buyers are
made whole in the unlikely event they receive an item that is not as described.  But CCMI's
demands disregard controlling law, including Section 230 of the Communications Decency Act—
which shields online platform providers like Etsy from liability for the representations of its
users—and go far beyond anything required by federal or state advertising law.  Ultimately, CCMI
seeks no less than the wholesale redesign of Etsy's business model.  Accordingly, Etsy brings this
action for a declaration of its rights under federal and state law and to put an end to CCMI's
attempted coercion.

2.      For nearly two decades, Etsy has provided a platform for small businesses and creative entrepreneurs around the world to market and sell their goods directly to buyers.  Sellers on Etsy own their shops, create their own content, and bear full responsibility for representations in their listings.  Etsy itself does not make, take possession of, warehouse, or ship the goods that sellers offer for sale; it instead facilitates the connection between independent sellers and buyers. Etsy empowers sellers to manage their businesses independently, but at the same time enforces comprehensive policies, investigates credible reports of policy violations or intellectual property infringement, and takes appropriate action, such as removing offending listings or sellers.

3.      CCMI claims to be a trade association whose members include cashmere manufacturers, wholesalers, and retailers.  It purports to promote the integrity of cashmere in the marketplace, which it pursues in part by purchasing products advertised as "cashmere," submitting them for fiber-content testing, reporting alleged discrepancies to the retailer or marketplace, and sometimes taking legal action.

4.      Years ago, CCMI raised concerns and ultimately sued Etsy regarding certain listings for cashmere-related products offered by independent sellers on Etsy's marketplace.  Etsy and CCMI later resolved that dispute, and CCMI dismissed the action with prejudice.

5.      In the last few months, CCMI has renewed its claims that Etsy must vet and monitor *every* product described as "cashmere" across its *entire* platform.  Such an obligation would be impossible for any platform to carry out at scale, and far exceeds any requirements under federal or state law.  That is precisely why Congress enacted Section 230 of the Communications Decency Act: "to preserve the vibrant and competitive free market that presently exists for the Internet and other interactive computer services, unfettered by Federal or State regulation."  47 U.S.C. § 230(b)(2).

6.      There is an actual, concrete controversy between the parties.  CCMI now accuses Etsy of violating federal false advertising laws, federal regulations, and other laws.  Etsy maintains that it acted lawfully, and is immune from CCMI's claims for alleged cashmere-related false advertising by sellers on its platform.  A declaratory judgment will provide clarity and prevent further harm to Etsy and its legitimate sellers and buyers.

## THE PARTIES

7.      Etsy is a Delaware corporation with its principal place of business in Brooklyn, New York.

8.      On information and belief, CCMI is a nonprofit corporation organized as a trade association under the laws of New York with its principal place of business in Boston, Massachusetts.

## JURISDICTION AND VENUE

9.      Subject matter jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this is a civil action involving claims arising under the laws of the United States, including Section 230 of the Communications Decency Act ("CDA 230") and the Lanham Act, 15 U.S.C. § 1051 *et seq*.  The Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) in that they form part of the same case or controversy that gives rise to Etsy's claims under the laws of the United States.

10.      Jurisdiction is also proper under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, because an actual controversy exists between the parties concerning Etsy's rights and liabilities.

11.      The Court has personal jurisdiction over CCMI because CCMI is a resident of New York.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because both Etsy and CCMI are

residents of New York, and because CCMI is subject to personal jurisdiction throughout New York State, it is deemed to reside in this district.

## FACTUAL ALLEGATIONS

### Etsy's Online Marketplace

12.     Since its launch in 2005, Etsy has served as a vibrant, global marketplace that connects creative entrepreneurs and buyers seeking something special.  The platform has become a trusted marketplace for unique and creative goods.  The Etsy platform has more than 5.6 million sellers and approximately 89 million buyers across the world.  There are currently over 100 million unique items for sale on the marketplace.

13.     Etsy's mission—"*Keep Commerce Human*"—is rooted in empowering small businesses, many of which operate from their home by individuals who turn passion projects into livelihoods.  About 89 percent of Etsy's sellers are businesses of one, more than 97 percent operate their businesses from home, and most are women.

14.     Etsy provides the digital infrastructure to enable those sellers to reach a global audience, offering tools for shop setup and management, marketing, payment processing, analytics, and learning resources.

15.     Within that framework, sellers act as the architects of their own shops, choosing the products they offer, uploading all images, and deciding how to price, package, ship, and handle returns.  Sellers write the descriptions for their products.  Etsy does not warehouse, inspect, or ship items for sellers; sellers retain physical possession of the goods at all times.  Etsy never takes physical custody or possession of items at any point in the sales process.

16.     Etsy's Terms of Use[1] make clear that sellers are solely responsible for the content

---

[1] Available at https://www.etsy.com/legal/terms-of-use ("Terms of Use" or "Terms) (last visited

of their listings, which would include fiber-content claims in cashmere-related listings. Etsy does not manufacture, store, inspect, or guarantee the items sold on the platform. Buyers purchase from independent sellers—not from Etsy—and Etsy does not pre-screen items or content. Etsy's marketplace model is designed to connect buyers and creative entrepreneurs while leaving creative control and responsibility with the sellers themselves.

**Etsy's Policies to Safeguard Integrity and Protect the Community**

17.    Etsy's commitment to "Keep Commerce Human" depends on maintaining a safe, lawful, and trustworthy environment for buyers and sellers alike. While Etsy does not pre-screen every listing before it appears on the site, it enforces its Terms, which are designed to prevent misuse of the marketplace, to protect the intellectual property rights of others, and to address unsafe or unlawful goods after they are posted.

18.    Every seller must agree to the Terms of Use and associated policies that prohibit inaccurate, deceptive, or misleading product descriptions, and the sale of counterfeit or unauthorized goods. Violations can result in removal of specific listings, suspension, or permanent account closure. Etsy's Marketplace Integrity team investigates reports from buyers, rights owners, industry groups, and regulators, and takes prompt action when credible evidence shows a policy breach.

19.    Etsy also maintains robust programs to address alleged intellectual property infringement, including procedures consistent with the Digital Millennium Copyright Act (DMCA) and separate processes for trademark enforcement. Rights owners can report allegedly infringing listings, and Etsy reviews those reports and, where appropriate, removes the content and may take additional action against the seller. Etsy also offers a Purchase Protection program that

---

Dec. 21, 2025).

provides refunds in some situations, like in the rare instance where an order never arrives, arrives damaged, or differs significantly from the listing description. But this program does not involve pre-screening products or guaranteeing the accuracy of seller-provided descriptions.

## CCMI's Background and Initial Interactions with Etsy

20.     On information and belief, CCMI is a trade association whose members include cashmere manufacturers, wholesalers, and retailers. As part of its industry activities, CCMI claims that it purchases products advertised as "cashmere" from various retail channels, then sends them to laboratories for fiber-content testing.

21.     In 2020, CCMI began purchasing items from independent sellers on Etsy's marketplace. In 2022, CCMI tested certain items and subsequently asserted that some goods were inaccurately labeled as "cashmere" based on fiber-content results it claimed did not meet applicable labeling standards under the federal Wool Products Labeling Act.

22.     Even though Etsy had no firsthand knowledge that the items were inaccurately described, in an abundance of caution, Etsy promptly removed every listing that CCMI had flagged. Etsy further advised CCMI that it would remove any additional listings that CCMI's test reports indicated were mislabeled.

23.     On or around September 14, 2022, representatives from Etsy met with CCMI to discuss CCMI's concerns about allegedly mislabeled "cashmere" products on the Etsy marketplace. Etsy reiterated that it had removed the listings that CCMI had identified, and many others, and expressed a willingness to explore practical, workable measures to address CCMI's goals.

24.     Etsy invited suggestions drawn from CCMI's experience with other platforms and signaled openness to technologically feasible solutions to reduce the risk of cashmere mislabeling

on the Etsy marketplace.  CCMI declined to engage in collaborative problem-solving.

25.    Instead, CCMI insisted that Etsy change its business model and test every item described as "cashmere" offered on the site.  Meeting that demand would have required reviewing and testing tens of thousands of distinct listings, an undertaking wholly incompatible with Etsy's function as a global online marketplace that connects independent buyers and sellers, but that never takes custody of inventory.

26.    Shortly after discussions broke down, CCMI sued Etsy, advancing the same overreaching theories that had impeded a resolution.

**CCMI's 2022 Lawsuit Against Etsy**

27.    On December 30, 2022, CCMI filed a complaint against Etsy in the United States District Court for the District of Massachusetts, Case No. 1:22-cv-12242-RWZ.  The complaint asserted nine causes of action based on the central allegation that Etsy is liable for independent sellers' cashmere-related misrepresentations on Etsy's platform.  CCMI alleged that Etsy was (1) primarily liable for false advertising, common law unfair competition, dilution of trademarks, and unfair and deceptive trade practices; and (2) secondarily liable for conspiracy, aiding and abetting, and vicarious and contributory liability.

28.    On the same day, CCMI also filed a motion for a preliminary injunction that would require Etsy to prevent independent sellers from using "Cashmere" or "100% Cashmere," unless their items were in fact made of cashmere, which Etsy has no way to verify.  In practical terms, the injunction sought to block more than 17,000 Etsy sellers—including small sellers and businesses of one—from offering cashmere-related items on Etsy.  The parties ultimately resolved this dispute, and CCMI dismissed the action with prejudice on February 3, 2023.

**CCMI Renews Its Demands That Are Inconsistent with the Law**

29.    In the past year, CCMI renewed its demands that Etsy remove all items that, in CCMI's unsupported view, misrepresented the cashmere content on the item.

30.    Etsy explained that listings are created by independent sellers and that Etsy does not manufacture or fulfill the items listed.  Etsy requested that CCMI provide product testing to substantiate its claims.

31.    On October 9, 2025, CCMI reiterated its allegations, again claiming that Etsy was violating "multiple federal and state laws that prohibit false and deceptive advertising" and demanding that Etsy "take steps to eliminate references to Cashmere from all advertisements on its website of garments whose specific content labeling clearly states that they are not Cashmere."

32.    On December 9, 2025, CCMI provided test results for three products it described as a "family" of garments, concluding they contained no cashmere.  Etsy promptly removed those listings—and removed all other listings from the same sellers that referenced cashmere—and notified CCMI of the removals.

33.    Despite those removals, CCMI continued to allege that Etsy was engaged in widespread false advertising involving cashmere-related listings and that it reserved the right to pursue all available legal remedies.

34.    CCMI now contends that Etsy must remove all listings from its marketplace that use the term "cashmere" to describe any product containing non-cashmere materials, regardless of context and accuracy, because such listings would allegedly "cause significant harm during the upcoming holiday selling season."  This demand is not only legally baseless, but absurd in its breadth.  For example, complying would require Etsy to remove a listing for a "Cashmere Sweater *Candle*: Hand Poured Soy Wax, Clean Musk Scent" because, even though the product is clearly a

*candle* made of *wax*, the description indicates that the item contains non-cashmere material (i.e., wax). This type of overreach exemplifies CCMI's tactic of stretching "false advertising" claims to target any listing containing the word "cashmere."

35.    CCMI seeks to impose obligations and liability on Etsy that have no foundation in the law. Even accepting CCMI's allegation that independent sellers on Etsy have used the term "cashmere" inaccurately in certain circumstances, under CDA 230, Etsy is expressly immune from liability for the sellers' conduct under CDA 230.

36.    As described above, Etsy has taken its own approach to protecting buyers and sellers and instilling trust in its marketplace, including through policies, enforcement, and Etsy Payment Protection, available in the rare care when a buyer receives an item that does not match the seller's description. But contrary to the law, CCMI's demands would apparently impose on Etsy a sweeping obligation to affirmatively review and verify the factual accuracy of every listing that mentions "cashmere," including determining through independent testing whether the product actually contains cashmere. At Etsy's scale, where millions of listings from independent sellers include fiber descriptions and/or may legitimately reference cashmere, such a regime would be operationally infeasible, fundamentally change Etsy's role as a third-party marketplace, and undermine the protections Congress enacted in CDA 230. This is precisely the kind of overreach CDA 230 was designed to prevent.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Declaratory Judgment: Under CDA 230, Etsy Is Immune From Liability for Alleged False Advertising by Third-Party Sellers)**

37.     Etsy restates, re-alleges, and incorporates by reference each and every allegation set forth in paragraphs 1 through 36 as though fully set forth herein, and incorporates them by reference herein.

38.     CDA 230 immunity broadly protects online platforms from liability based on their users' content, even if those platforms facilitate or process their users' commercial transactions.

39.     Under CDA 230, "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."  47 U.S.C. § 230(c)(1).

40.     An interactive computer service is "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server . . . ." 47 U.S.C. § 230(f)(2).

41.     Etsy operates an online platform that enables computer access by multiple users to a computer server and is a quintessential "interactive computer service" provider under 47 U.S.C. § 230(f)(2).

42.     Third-party sellers can use the Etsy platform to post listings.  But Etsy does not furnish the content, pre-screen, or guarantee the accuracy of any content for any seller listing.

43.     CCMI has accused Etsy of wrongdoing based on "information provided by another information content provider," namely, third-party sellers.

44.     CCMI has specifically challenged all seller listings on the Etsy platform for "Cashmere" or "Cashmere-blend" garments, arguing that a listing is misleading if the seller lists non-cashmere material (e.g., polyester, cotton, and viscose) in the "Materials" description of their

listing.

45.     CCMI seeks to treat Etsy as the "publisher or speaker" of this third-party information by contending that Etsy is liable for seller listings that allegedly contain inaccurate descriptions of the cashmere content.

46.     No exception to CDA 230 applies to any claims by CCMI.

47.     Accordingly, Etsy seeks a declaration that CDA 230 precludes any claims by CCMI seeking to hold Etsy liable for its third-party sellers' statements about cashmere on the Etsy marketplace.

<u>**SECOND CAUSE OF ACTION**</u>
**(Declaratory Judgment: Etsy Did Not Violate the Lanham Act 15 U.S.C. § 1125(a))**

48.     Etsy restates, re-alleges, and incorporates by reference each and every allegation set forth in paragraphs 1 through 47 as though fully set forth herein, and incorporates them by reference herein.

49.     To establish a claim for false advertising under 15 U.S.C. § 1125(a), CCMI must prove that: (i) Etsy has made a false or misleading statement of fact in a commercial advertisement about its own or another's product; (ii) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (iii) the deception is material; (iv) Etsy placed the false or misleading statement in interstate commerce; and (v) CCMI has been or is likely to be injured as a result.

50.     CDA 230 immunity would shield Etsy from liability for any Lanham Act claim by CCMI based on independent sellers' allegedly false or misleading representations about the cashmere content of their products.

51.     Etsy also did not violate the Lanham Act because it has not "made" any of the allegedly false or misleading statements in the cashmere-related listings that CCMI complains of.

While Etsy believes that the vast majority of sellers list their items accurately, and gives buyers recourse if not, any potentially misleading statements are made by independent, third-party sellers.

52.    And CCMI has not been and is not likely to be injured by an alleged Lanham Act violation by Etsy.

53.    Accordingly, Etsy seeks a declaration that it did not violate 15 U.S.C. § 1125(a) of the Lanham Act with regard to third-party sellers' statements about cashmere on the Etsy marketplace.

## THIRD CAUSE OF ACTION
### (Declaratory Judgment: Etsy Is Not Liable for Common Law Unfair Competition)

54.    Etsy restates, re-alleges, and incorporates by reference each and every allegation set forth in paragraphs 1 through 53 as though fully set forth herein, and incorporates them by reference herein.

55.    A common law unfair competition claim requires proof that Etsy either (i) engaged in "palming off" its goods as those of CCMI's in a manner that is likely to cause consumer confusion over the source of the goods, or (ii) acted in bad faith to misappropriate a commercial advantage or property in order to compete against CCMI.

56.    For the reasons above, CDA 230 immunity applies to common law unfair competition claims by CCMI.

57.    Etsy also has not "palmed off" its goods as those of CCMI.  Etsy does not manufacture and is not the source of any goods listed for sale on the marketplace.  There is no risk of consumer confusion because (i) as a trade association, CCMI does not manufacture or offer its own goods; (ii) "cashmere"—a generic, descriptive term that does not point to any specific maker—does not hold secondary meaning as a source of goods; and (iii) every listing on Etsy clearly identifies the specific independent, third-party seller that is offering the item.

58.    Nor has Etsy misappropriated any commercial advantage or property belonging to CCMI.  Etsy and CCMI are not competitors: Etsy provides a platform and related services that allow independent third-party sellers to create listings, whereas CCMI is a trade association with cashmere manufacturers, wholesalers, and retailers as members.

59.    Accordingly, Etsy seeks a declaration that it is not liable for common law unfair competition.

### FOURTH CAUSE OF ACTION
**(Declaratory Judgment: Etsy Has No Contributory Liability for Trademark Infringement or False Advertising)**

60.    Etsy restates, re-alleges, and incorporates by reference each and every allegation set forth in paragraphs 1 through 59 as though fully set forth herein, and incorporates them by reference herein.

61.    For contributory liability, the third-party seller must have actually committed trademark infringement or false advertising.

62.    CCMI also cannot show any trademark infringement because "cashmere" is a generic, descriptive term that does not point to any specific maker and holds no secondary meaning as a source of goods.

63.    Nor can CCMI show false advertising by third-party sellers for listings on the Etsy platform for "Cashmere" and "Cashmere-blend" garments that indicate in their "Material" descriptions that they contain non-cashmere material (e.g., polyester, cotton, and viscose).

64.    Accordingly, Etsy seeks a declaration that it has no contributory liability for third-party sellers' alleged trademark infringement and false advertising.

### FIFTH CAUSE OF ACTION
**(Declaratory Judgment: Etsy Has No Vicarious Liability for Third-Party Conduct)**

65.    Etsy restates, re-alleges, and incorporates by reference each and every allegation

set forth in paragraphs 1 through 64 as though fully set forth herein, and incorporates them by reference herein.

66.    To impose vicarious liability on Etsy, there must exist a principal-agent relationship, partnership, or joint venture between Etsy and the third-party sellers on the marketplace.  Moreover, Etsy must exercise control over the third-party sellers.

67.    The Terms make clear that there is no "agency, partnership, joint venture, employment, or franchisee relationship" between third-party sellers and Etsy."  (Terms § 4(F).)  Instead, third-party sellers are "solely responsible for [their] Content."  (Terms § 5(A).)

68.    While Etsy has policies to protect buyers against potential misrepresentations, Etsy also does not exercise control over the third-party sellers.  Etsy does not own and only has "permission to use" content from third-party sellers, such as listings, descriptions, and photos they post.  (Terms § 5(B).)  And as the Terms explain, "Etsy does not manufacture, store, or inspect any of the items sold through our Services"; instead, "the items in our marketplaces are produced, listed, and sold directly by independent sellers, so Etsy cannot and does not make any warranties about their quality, safety, authenticity, or their legality."  (Terms § 8.)

69.    Accordingly, Etsy seeks a declaration that it is not vicariously liable for alleged misrepresentations regarding the cashmere content on third-party sellers' listings on Etsy.

## SIXTH CAUSE OF ACTION
### (Declaratory Judgment: Etsy Is Not Liable for Civil Conspiracy)

70.    Etsy restates, re-alleges, and incorporates by reference each and every allegation set forth in paragraphs 1 through 69 as though fully set forth herein, and incorporates them by reference herein.

71.    To establish joint liability through a civil conspiracy, CCMI must show the primary tort, as well as (i) an agreement between two or more parties; (ii) an overt act in furtherance of the

agreement; (iii) the parties' intentional participation in the furtherance of a plan or purpose; and (iv) resulting damage or injury.

72.    CDA 230 immunity would shield Etsy from liability for any attempt to impose joint liability on Etsy through a civil conspiracy theory.

73.    In addition, civil conspiracy is not an independent tort.  Because Etsy is not liable for false advertising or trademark infringement—whether by Etsy or by independent third-party sellers—it cannot be liable for allegedly conspiring to commit those acts.

74.    There is also no common scheme between Etsy and independent third-party sellers to infringe trademarks or engage in false advertising with respect to CCMI or cashmere.  The only relationship between Etsy and the third-party sellers is governed by the Terms, which is an arm's-length commercial agreement that sets forth their rights and responsibilities when using the Etsy site and services.  (*See* Terms § 1.)  The Terms also make clear that third-party sellers own and are "solely responsible for [their] Content."  (*See* Terms § 5(A).)

75.    Far from an unlawful scheme, Etsy is committed to following and has followed the appropriate legal procedures to remove violative content from the Etsy platform.  It also has and enforces policies requiring sellers to list their items accurately, as well as Etsy Purchase Protection, which provides refunds to buyers in the rare circumstance where their item does not match the seller's listing, among other things.

76.    Accordingly, Etsy seeks a declaration that it is not liable for civil conspiracy.

**SEVENTH CAUSE OF ACTION**
**(Declaratory Judgment: Etsy Has No Aiding and Abetting Liability)**

77.    Etsy restates, re-alleges, and incorporates by reference each and every allegation set forth in paragraphs 1 through 76 as though fully set forth herein, and incorporates them by reference herein.

78.     A civil aiding and abetting claim requires three elements: (i) the existence of an underlying tort; (ii) Etsy's actual knowledge of the underlying tort; and (iii) Etsy's knowing provision of substantial assistance in the commission of the underlying tort.

79.     CDA 230 immunity shields Etsy from liability for any civil aiding and abetting claim.

80.     The Etsy marketplace contains millions of listings created by third-party sellers, and Etsy does not manufacture, store, or inspect any of the items sold through the marketplace. Instead, those items are produced, listed, and sold directly by independent third-party sellers. Etsy therefore also lacks actual knowledge about—and disclaims any warranties regarding—the quality, authenticity, and legality of the goods until Etsy is specifically notified of any concerns.

81.     In addition, Etsy offers arms' length services to all independent sellers that use its services, such as hosting the website and providing a marketplace for listings. Etsy does not engage in voluntary, conscious, or culpable participation in any alleged wrongful acts of independent sellers that use its services, and its provision of its neutral services does not constitute "substantial assistance" in the commission of a tort.

82.     Accordingly, Etsy seeks a declaration that it is not liable for aiding and abetting any alleged misconduct by third-party sellers.

**EIGHTH CAUSE OF ACTION**
**(Declaratory Judgment: Etsy Is Not Liable for False Advertising Under State Law)**

83.     Etsy restates, re-alleges, and incorporates by reference each and every allegation set forth in paragraphs 1 through 82 as though fully set forth herein, and incorporates them by reference herein.

84.     For a false advertising claim, CCMI must show: (i) Etsy's challenged act or practice was consumer-oriented; (ii) the act or practice was materially misleading in a way that would

deceive a reasonable consumer acting reasonably under the circumstances; and (iii) CCMI suffered injury as a direct and proximate result of Etsy's act or practice.

85.    CDA 230 immunity bars a false advertising claim against Etsy.

86.    CCMI also cannot show that the advertising for "cashmere" and "cashmere-blend" products listed by third-party sellers was materially misleading to a reasonable consumer acting reasonably under the circumstances.

87.    Moreover, Etsy simply provides a marketplace that allows independent third-party sellers to create content, listings, and advertising.  Therefore, any injury suffered by CCMI was caused by the independent acts of the third-party sellers—who own and are "solely responsible" for any listing content (e.g., description, photos, videos, etc.) and their advertising on the marketplace (Terms § 5(A).)—not Etsy.

88.    Accordingly, Etsy seeks a declaration that it is not liable for any potential false advertising.

## **PRAYER FOR RELIEF**

Plaintiff Etsy respectfully requests that the Court:

A.    Declare that Etsy is immune under CDA 230 from CCMI's efforts to impose liability on Etsy based on content and information generated by independent third-party sellers regarding "Cashmere" and "Cashmere-blend" products;

B.    Declare that Etsy has not violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

C.    Declare that Etsy is not liable for common-law unfair competition, whether on a palming-off or misappropriation theory;

D.    Declare that Etsy has no contributory or vicarious liability for any alleged

trademark infringement or false advertising by independent third-party sellers regarding claims relating to "Cashmere" and "Cashmere-blend" products;

E.    Declare that Etsy has no joint liability with independent third-party sellers regarding claims relating to "Cashmere" and "Cashmere-blend" products under a civil conspiracy theory;

F.    Declare that Etsy is not liable for aiding and abetting any alleged trademark infringement or false advertising regarding claims by independent third-party sellers relating to "Cashmere" and "Cashmere-blend" products;

G.    Award Etsy its costs and attorneys' fees; and

H.    Grant such other relief as the Court deems proper.

## <u>JURY DEMAND</u>

Etsy demands trial by jury on all issues so triable.

Dated: December 22, 2025

Respectfully submitted,

**FENWICK & WEST LLP**

By:   */s/ Shannon E. Turner*
     Shannon E. Turner (NY Bar No. 5266416)
     Jedediah Wakefield (*pro hac vice* forthcoming)
     Molly R. Melcher (*pro hac vice* forthcoming)
     FENWICK & WEST LLP
     555 California Street, 12th Floor
     San Francisco, CA  94104
     Telephone:    415.875.2300

     Noah Solowiejczyk (NY Bar No. 4841243)
     Adam Gahtan (NY Bar No. 2812501)
     FENWICK & WEST LLP
     902 Broadway, 18th Floor
     New York, NY  10010-6035
     Telephone:    212.430.2600

     *Attorneys for Plaintiff Etsy, Inc.*